UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:04-CV-085 RM |
| TRANSCONTINENTAL INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER AND OPINION**

This case arises out of a complaint for declaratory judgment which Plaintiff filed on January 22, 2004. On May 24, 2005, Defendant Lake States ("Lake States") filed a motion to compel discovery, requesting that this Court compel Plaintiff to answer interrogatories and requests for production. For the following reasons, Lake States' motion [Doc. No. 54] is **DENIED IN PART AS MOOT** and **GRANTED IN PART**.

**I.    RELEVANT BACKGROUND**

Plaintiff filed this declaratory judgment action on January 22, 2004. On December 10, 2004, Lake States served its interrogatories and requests for production on Plaintiff, giving Plaintiff until January 10, 2005, to respond. Plaintiff did not provide timely responses and, in accordance with N.D. L.R. 37.1, on May 24, 2005, Lake States filed a motion to compel discovery.

On June 2, 2005, Plaintiff responded to the motion by asserting that it mailed its answers to Lake States' interrogatories on May 24, 2005. However, Plaintiff stated that it was still searching for documents that are responsive to Lake States' requests for production, and expects

that it will be able to provide its answer within thirty days.  Plaintiff did not provide an explanation for its delay in attempting to comply with Lake States' discovery requests.

Lake States' admits that since filing the motion to compel, it has received answers to its interrogatories.  However, as discovery closed on May 31, 2005, and fully briefed dispositive motions are due August 31, 2005, Lake States contends that it will be prejudiced if this Court allows Plaintiff an additional thirty days to comply with the requests for production.  Lake States therefore, requests that Plaintiff be ordered to produce the responsive documents within five days of this Court's order.  Alternatively, Lake States' requests that this Court extend the discovery and dispositive motion deadlines by sixty days so that it may conduct an adequate review of Plaintiff's responses.  This Court may rule on Lake States' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.   APPLICABLE LAW**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts

have broad discretion in matters related to discovery."); <u>Gile v. United Airlines, Inc.</u>, 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." <u>Gile</u>, 95 F.3d at 496.

### III.   LAKE STATES' MOTION TO COMPEL DISCOVERY

A.   <u>Lake States' Interrogatories</u>

The day Lake States filed its motion to compel, Plaintiff mailed its responses to the interrogatories to Lake States. As both parties admit that Plaintiff has now provided answers to Lake States' interrogatories, Lake States' motion as it relates to the interrogatories is **DENIED AS MOOT**.

B.   <u>Lake States' Requests for Production</u>

Unlike the interrogatories, Plaintiff has not provided documents responsive to Lake States' requests for production. Rather, Plaintiff asserts that it should be able to produce responsive documents in thirty days, but provides no explanation for its five month delay in providing the discovery responses. Plaintiff does not appear to object to any of the requested material, and therefore, Lake States should be allowed to receive the documents in a timely manner. Consequently, Lake States' motion as it relates to the requests for production is **GRANTED**. Plaintiff shall produce documents responsive to Lake States' requests for production by **July 1, 2005.**

**IV.   ANCILLARY MATTERS**

As Plaintiff has until July 1, 2005, to comply with Lake States' requests for production, Lake States' would be prejudiced in its ability to serve any follow up discovery or file a fully briefed motion for summary judgment within the current deadlines.  Therefore, because this matter has not yet been set for trial, and upon Lake States' request, this Court extends both the discovery deadline and the fully briefed dispositive motion deadline by sixty days.  The deadline for the completion of all discovery is now **August 1, 2005**.  Fully briefed dispositive motions are now due by **November 1, 2005**.

**V.   CONCLUSION**

For the aforementioned reasons, Lake States' motion to compel discovery [Doc. No. 54] is **DENIED IN PART AS MOOT** and **GRANTED IN PART**.  Specifically, this Court denies as moot Lake States' motion as it relates to the interrogatories and grants Lake States' motion as it relates to the requests for production.  Plaintiff has until **July 1, 2005**, to provide Lake States' with documents that are responsive to Lake States' discovery requests.  Furthermore, this Court extends the discovery deadline to **August 1, 2005**, and the fully briefed dispositive motion deadline to **November 1, 2005**.

**SO ORDERED.**

Dated this 14th Day of June, 2005.

> s/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge